**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| RODRIGO ALEXANDER HERNANDEZ PINTO, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 2:26-cv-02605-SHL-cgc |
| UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT and TRINITY MINTER, Warden, West Tennessee Detention Facility, | ) ) ) ) | |
| Respondents. | ) ) | |

**ORDER DENYING RESPONDENTS' MOTION TO DISMISS AND DIRECTING
RESPONDENTS TO ANSWER OR RESPOND TO PETITION**

Before the Court is Respondent's Motion to Dismiss under Federal Rule of Civil Procedure 41(b), filed on June 15, 2026.  (ECF No. 9.)  For the reasons explained below, the Motion is **DENIED** and Respondents are **ORDERED TO ANSWER OR RESPOND** to the Petition within **three days after this Order is emailed to their counsel**.

On May 29, 2026, pro se Petitioner Alexander Hernandez Pinto filed the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (ECF No. 2.)  He is a noncitizen currently in Immigration and Customs Enforcement ("ICE") custody who argues that Respondents ICE and Trinity Minter violated his rights to due process by detaining him without bond.  (Id. at PageID 7.)  He also consented to receiving notices of electronic filing via email.  (ECF No. 2-2.)

On the same day, the Court ordered Petitioner to serve Respondents within five days, or risk dismissal under Federal Rule of Civil Procedure 41(b).  (ECF No. 7 at PageID 13–14.)  Petitioner's time to serve Respondents expired, so they filed the instant Motion to Dismiss on June 15, based on Petitioner's alleged failure to serve his Petition in accordance with a court

order.  (ECF No. 9).  Respondents served the Motion on Pinto at the West Tennessee Detention Facility.  (Id. at PageID 17.)

Rather than respond to the Motion or serve Respondents as directed, Petitioner filed an Amended Petition on June 29, 2026.  (ECF No. 10.)  The Amended Petition does not address the Motion or the defects in service identified by Respondents.  To date, Petitioner has not served the Amended Petition on Respondents.  Petitioner also filed the Notice of Pro Se Representation on the same day, notifying the Court that he is proceeding pro se.  (ECF No. 11.)

Petitioner's deadline to respond to the Motion to Dismiss was June 29, 2026, under the Court's Local Rules.  LR 7.2(a)(2).  And his deadline to effectuate service was June 5, 2026.  Given the foregoing, the Court ordered him to serve Respondents a second time on July 2, 2026, and gave him a five-day deadline.  (ECF No. 12.)

Petitioner did not comply or otherwise respond, and his time to do so has passed.  The filings of pro se litigants are construed more liberally than those drafted by lawyers, but pro se petitioners are still subject to the applicable procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).  Therefore, Petitioner's continued failure to comply with the Court's orders has wasted the resources of the Court and Respondents.

However, the Court has "broad discretion" when determining whether to dismiss an action for failure to prosecute or perfect service under Rule 41(b).  Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, & GMC Trucks, Inc., 173 F.3d 988, 991 (6th Cir. 1999).  In this case, Petitioner's continued failures to mail the Petition to Respondents' counsel may be due, in part, to his lack of formal legal training.  Moreover, Petitioner filed an Amended Petition on June 29, 2026, which demonstrates that he wants to pursue his claims here.  The fact that Respondents received actual notice of the claims further militates against dismissal.  And, in habeas cases like

this, where there exists a large volume of petitioners, the Court prefers to adjudicate the case on its merits rather than dismiss on procedural or technical grounds.  Cf. Ferrell v. Comm'r of Soc. Sec., No. 17-5835, 2018 U.S. App. LEXIS 1493, at *6 (6th Cir. Jan. 22, 2018) (holding that adjudication on the merits is preferred to dismissals on "technical grounds" (citing Rose v. Soc. Sec. Admin., No. 98-6491, 1999 U.S. App. LEXIS 34011, at *3 (6th Cir. Dec. 17, 1999))). Finally, the Court notes that, recently, as pro se habeas petitions by noncitizens have increased in number, it has required service by the Clerk of Court via email rather than forcing imprisoned petitioners to effectuate service themselves.  See, e.g., Rendon Vasquez v. West Tennessee Detention Facility, No. 26-cv-02805 (W.D. Tenn. July 7, 2026), ECF No. 5.

Given the foregoing, Respondents' Motion to Dismiss under Rule 41(b) is **DENIED**.  It is further **ORDERED THAT**:

(1)    The Clerk of Court **SHALL** email copies of the Amended Petition (ECF No. 10) and this Order to Respondents' counsel, the United States Attorney for the Western District of Tennessee at the following email address: **stuart.canale@usdoj.gov.**

(2)    Within **three business days** after the Clerk serves Petitioner's Amended Petition briefing via email, Respondents shall respond to the Petition in writing.  If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent opposes release, Respondents shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply.  If no such showing is made, Respondents shall state whether they consent to the issuance of the writ.

(3)    Petitioner may file a reply within **three business days** after receipt of Respondents' responsive filing.  No late replies will be considered.

**IT IS SO ORDERED,** this 23rd day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE