**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| RODRIGO ALEXANDER HERNANDEZ PINTO, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 2:26-cv-02605-SHL-cgc |
| WEST TENNESSEE DETENTION FACILITY, | ) ) ) | |
| Respondent. | ) ) | |

**ORDER GRANTING PETITION**

On May 29, 2026, pro se Petitioner Rodrigo Alexander Hernandez Pinto filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (ECF No. 2.)  He filed an Amended Petition on June 29 (ECF No. 10), which is operative here, as it was filed within twenty-one days after Respondent's Motion to Dismiss.  See Fed. R. Civ. P. 15(a)(1)(B).  He challenges his continued immigration detention without a bond hearing.  (ECF No. 10 at PageID 18.)  Respondent timely responded in opposition to the Petition on July 29.  (ECF No. 14.)  Respondent argues only that Petitioner should be required to exhaust administrative remedies by requesting a bond hearing before the Memphis Immigration Court.  (Id. at PageID 36.)

For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

**BACKGROUND**

Petitioner is a Venezuelan citizen who entered the United States on September 28, 2022. (ECF No. 14 at PageID 35.)  He alleges that he has no history of violent crime, is not a danger to the community, and has strong ties to Tennessee.  (ECF No. 10 at PageID 19.)  On either January

20 or 22, 2026, Petitioner was arrested during a traffic stop in Bartlett, Tennessee, for what he alleges was an "expired traffic ticket." (ECF No. 10 at PageID 19.) Respondent asserts that he was arrested for "failure to appear," though it does not clarify what he was required to appear at. (ECF No. 14 at PageID 35.) Subsequently, local police "turned [Petitioner] over to the custody of ICE." (Id.)

On July 27, 2026, the immigration judge ("IJ") presiding over Petitioner's immigration case held a "final hearing" on his applications for relief, denied all of them, and ordered Petitioner to be deported to Venezuela. (ECF No. 14-3 at PageID 47–49.)

Since Petitioner was detained, he has remained in ICE custody at the West Tennessee Detention Facility, and seeks immediate release under "appropriate" conditions or a bond hearing.

### ANALYSIS

The Sixth Circuit's holding in Lopez-Campos, 175 F.4th 713 (6th Cir. 2026), governs this matter, as, at the time of arrest, Petitioner, like the Lopez-Campos noncitizens, had been in the United States for several years and was not seeking admission into the country. Indeed, Lopez-Campos held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to 'applicants for admission' who are not 'seeking admission.'" Lopez-Campos, 175 F.4th at 732. Thus, 8 U.S.C. § 1226(a), and the bond hearing process within, applies to Petitioner. Respondent appears to implicitly accept that a bond hearing is available to Petitioner after Lopez-Campos. But Respondent maintains that "the Court should require Petitioner to exhaust administrative remedies," and asserts that Petitioner's claims should be denied because he never made any request for a bond hearing, even after Lopez-Campos. (ECF No. 14 at PageID 36–38.)

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza

2

v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**.  The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief.  McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); In re Yajure Hurtado, 29 I. & N. Dec. 216, 225 (B.I.A. 2025) (holding that an immigration judge "lack[s] authority to hear bond requests or to grant bond to aliens who are present in the United States without admission").

Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th at 734.  ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside.  Thus, Petitioner is entitled to immediate release.  See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

The fact that Hernandez Pinto is now subject to an order of removal, which was entered during the pendency of this Petition and may still be appealed until August 26, 2026, obviously changes the situation as for his continued presence in the United States.  However, § 2241 challenges pertain to the "conditions that existed" at the time of filing, and the detention here was unlawful ab initio because of Respondent's failure to follow the applicable procedures.  See Martinez v. Raycraft, No. 26-cv-547, 2026 U.S. Dist. LEXIS 45824, at *22–23 (W.D. Mich. Mar. 5, 2026).  Indeed, if § 2241 relief did not return successful petitioners to the status quo existing at the time of filing, immigration officials could avoid habeas petitions "simply by

transferring aliens to another district" or, for that matter, deporting them "any time they filed a habeas corpus petition." Id. (quoting Roman v. Ashcroft, 340 F.3d 314, 326 (6th Cir. 2003)). However, this Order only addresses the legality of Petitioner's arrest and continued detention regarding Sections 1225 and 1226, and should not be construed as opining on the propriety of the IJ's intervening order of removal or any later removal of Petitioner, as those issues are not appropriately before the Court.

Accordingly, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately release Hernandez Pinto from custody. Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A). Respondent is further **ORDERED** to file a Status Report with this Court within **three business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 10th day of August, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

4